UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NICHIRYO AMERICA, INC., ) | |
| ) | |
| Plaintiff, ) | 03:07-CV-00335-LRH-VPC |
| ) | |
| v. ) | ORDER |
| ) | |
| OXFORD WORLDWIDE, LLC, VANCE ) | |
| MOORE, and DARCY MOORE, ) | |
| ) | |
| Defendants. ) | |

Presently before the court is a Motion for Summary Judgment (# 9[1]) filed by Plaintiff Nichiryo America, Inc. ("Plaintiff"). Defendants, Oxford Worldwide, LLC, Vance Moore and Darcy Moore (collectively, the "Defendants") have filed an opposition (# 11), and Plaintiff replied (# 12). With leave of the court, Defendants subsequently filed a surreply (# 27), to which Plaintiff has responded (# 29).

**I. Factual Background**

This is a diversity action seeking damages for a breach of contract. The facts underlying this action are largely undisputed. Oxford became a valid Nevada Limited Liability Company on May 18, 2005. (Defs.' Opp'n (# 11), Print-out from Nevada Secretary of State's Website, Ex. A.) It is undisputed, however, that Oxford's limited liability status was in "default" under Nevada Law

---

[1] Refers to the court's docket number.

on June 1, 2006. *See* Nev. Rev. Stat. § 86.272. Pursuant to Nev. Rev. Stat. § 86.274(2), Oxford's limited liability status was revoked on June 1, 2007. Oxford's status was later reinstated on October 5, 2007. (Defs.' Opp'n (# 11), Job Receipt, Ex. B.)

Oxford Worldwide, LLC ("Oxford") placed various purchase orders with Plaintiff between November 11, 2005, and March 20, 2007. (Mot. for Summ. J. (# 9), Decl. of Shannon Admire-McDill ¶¶ 2-13.) It is undisputed, however, that Oxford did not pay Plaintiff in full for those orders. Vance and Darcy Moore (collectively, the "Moores") are the principals of Oxford. Plaintiff filed this action on July 25, 2007. Plaintiff's complaint sets forth causes of action for breach of contract, account stated, and for goods sold and delivered.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001). For those issues where the moving party will not have the burden of proof at trial, the movant must point out to the court "that there is an absence of evidence to support the nonmoving party's case."

1  *Celotex Corp.,* 477 U.S. at 325.

2        In order to successfully rebut a motion for summary judgment, the non-moving party must
3  point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*
4  *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might
5  affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
6  242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary
7  judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute
8  regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could
9  return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a
10 scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine
11 dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at
12 252.

13 **III. Discussion**

14       The present motion requires the court to determine whether the Moores are personally liable
15 for debt incurred by Oxford. Plaintiff argues that the Moores continued to act as a limited liability
16 company after Oxford's limited liability status was revoked. Thus, Plaintiff argues that the Moores
17 are personally liable pursuant to Nev. Rev. Stat. § 86.361. Plaintiff further argues that Defendants
18 have waived any affirmative defenses by failing to raise them in their answer. Finally, Plaintiff
19 seeks attorney's fees and prejudgment interest. Defendants oppose the motion arguing that the
20 Moores are not personally liable because the debt was incurred while Oxford was a valid limited
21 liability corporation. Defendants further argue that Oxford's reinstatement as a limited liability
22 corporation relates back to the date the company forfeited its right to transact business. Thus,
23 Defendants argue no individual liability can exist.

24       As a threshold matter, the court will first address whether Defendants have waived any
25 affirmative defense. Rule 8(c) of the Federal Rules of Civil Procedure provides, in part, "[i]n

26

responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. . . ." Fed. R. Civ. P. 8(c). The Ninth Circuit, however, has liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading. *Rivera v. Anaya*, 726 F.2d 564 (9th Cir. 1984); *Healy Tibbitts Constr. Co. v. Ins. Co. of N. Am*, 679 F.2d 803 (9th Cir. 1982). In *Healy Tibbitts*, an insurance company failed to plead the affirmative defense that the plaintiff's claim was excluded by a clause in its insurance policy. 679 F.2d at 804. Nevertheless, the Ninth Circuit concluded that "[t]he defendant should be permitted to raise its policy exclusions defense in a motion for summary judgment, whether or not it was specifically pleaded as an affirmative defense, at least where no prejudice results to the plaintiff." *Id*.

In this case, there is no indication that Plaintiff has been prejudiced by Defendants' failure to raise its defense in its answer. Thus, the court finds that Defendants are not barred from raising their defense.

The court has carefully considered the parties' points and authorities along with the relevant law and finds Defendants are not entitled to summary judgment against the Moores. Section 86.361 of the Nevada Revised Statutes provides, "[a]ll persons who assume to act as a limited-liability company without authority to do so are jointly and severally liable for all debts and liabilities of the company." Nev. Rev. Stat. § 86.361. In this case, Plaintiff argues the Moores continued to act as a limited liability company after Oxford's limited liability status was revoked. Thus, according to Plaintiff, the Moores are individually liable for debt incurred by Oxford before Oxford's limited liability status was revoked.

The court need not answer the question of whether an individual can be liable for the debts of a revoked limited liability company that were incurred before the company forfeited its right to transact business. Section 86.276(5) of the Nevada Revised Statutes provides, "[e]xcept as otherwise provided in NRS 86.278, a reinstatement pursuant to this section relates back to the date on which the company forfeited its right to transact business under the provisions of this chapter

4

1  and reinstates the company's right to transact business as if such right had at all times remained in
2  full force and effect." Nev. Rev. Stat. § 86.276(5).  Here, Oxford's status was reinstated on
3  October 5, 2007.  Pursuant to Section 86.276(5), Oxford's right to transact business was reinstated
4  "as if such right had at all times remained in full force and effect."  Thus, the court finds the
5  Moores did not act as a limited-liability company without authority to do so.  For this reason,
6  summary judgment will be denied.

7        Plaintiff argues that defendants transferred the assets of the corporation to their private
8  hands once the limited liability status was revoked.  Now that the corporate status is reinstated,
9  Plaintiff contends that it is an unfunded shell entity.  Although Plaintiff's allegations are
10 disconcerting, Plaintiff has provided no evidence to support the contention.  Moreover, even if
11 Plaintiff's unsupported allegations were true, Plaintiff has not demonstrated that the appropriate
12 remedy for such conduct is to attach personal liability for a limited liability company's debt in a
13 breach of contract action.

14       IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (# 9) is
15 hereby DENIED.

16       IT IS SO ORDERED.

17       DATED this 16th day of June, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5